United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN CHAVEZ RAMIREZ,
Plaintiff,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-13183-WHO

**ORDER CLARIFYING SCOPE OF TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 10

On November 6, 2026, I granted Juan Chavez Ramirez's motion for a temporary restraining order ("TRO") and ordered that respondents release him from custody "immediately" and to not re-detain him absent notice and an opportunity for a hearing before a neutral decisionmaker. Respondents released Chavez Ramirez on November 7, 2026. Prior to his release, Immigration and Customs Enforcement ("ICE") installed an ankle monitor on him and ordered him to report to the San Francisco ICE office on November 9, 2026. ICE also conditioned Chavez Ramirez's release on enrollment in its Alternatives to Detention ("ATD") program. ICE warned Chavez Ramirez that failure to comply with the ATD requirements would "result in a redetermination of [his] release conditions or [his] arrest and detention." Second Declaration of Lorraine Van Kirk ("Second Van Kirk Decl.") [Dkt. No. 10-1] Ex. A.

When Chavez Ramirez inquired about removing the ankle monitor or withdrawing the ATD conditions, counsel for respondents asserted that "it would be impossible to return [him] to the status quo absent dismissing [his] removal proceedings," which I have "absolutely no jurisdiction to do . . . under 8 USC 1252g." *Id.* Ex. C. Chavez Ramirez accordingly filed this motion for enforcement, seeking to be released from these conditions under the terms of my TRO Order.

My release order did not permit further restrictions on Chavez Ramirez's liberty; to the contrary, respondents were ordered to "immediately release Chavez Ramirez from custody" and enjoined them from "re-detaining [Chavez Ramirez] without providing a pre-deprivation hearing . . ." TRO Order [Dkt. No. 6] at 8. "The Supreme Court has 'very liberally construed the 'in custody' requirement'" in the habeas context. *Sun v. Santacruz*, No. CV 25-02198-JLS (JCx), 2025 WL 2730235, at *3 (C.D. Cal. Aug. 26, 2025) (quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)). "A person need not be physically imprisoned to be in custody[;] instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)).

Chavez Ramirez's conditions require him to report to the San Francisco ICE office and to wear an ankle monitor. "Faced with conditions identical to those imposed here, multiple courts have concluded that the requirements of 'custody' are easily satisfied." *Harrington v. Albarran*, No. 26-cv-01889-JST, 2026 WL 800113, at *4 (N.D. Cal. Mar. 23, 2026); *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *13 (C.D. Cal. Oct. 23, 2025) (finding that requiring petitioner to make check-ins with ICE and wear an electronic ankle monitor "are sufficient to demonstrate that he is in custody . . ."); *A.B.D. v. Wamsley*, No. 6:25-cv-02014-AA, 2026 WL 178306, at *7–8 (D. Or. Jan. 22, 2026) ("The Court concludes that, by these 'intensive supervision' and monitoring measures, which carry with them the potential for future adverse consequences for noncompliance, ICE controls Petitioners' daily lives and thus subjects them to significant restraints that are not shared by the public generally"); *Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. 2026) ("Petitioner remains in custody through the conditions of release imposed by ICE."); *N-N- v. McShane*, 813 F. Supp. 3d 496, (E.D. Pa. 2025) (finding the argument that the use of an ankle monitor did not constitute custody "not . . . persuasive in the slightest"); *Chavez Velasco v. Lyons*, No. 5:26-cv-00491, 2026 WL 2279359, at *4 (S.D. Tex. Aug. 7, 2026) ("It is well established that custody extends beyond physical detention such that a

United States District Court
Northern District of California

petitioner remains in immigration custody when their liberty is restrained.”).[1]

Like those other district courts, I find that the GPS ankle monitoring and ADP obligations constitute ongoing “custody” in violation of my TRO Order. For the reasons set forth above, respondents are ORDERED to restore petitioner to the status quo preceding his November 5, 2026, detention, including removal of his ankle monitor and applicable monitoring requirements. Respondents are ORDERED to file a notice of compliance within two (2) days of this Order. While respondents must comply with this Order, if they disagree with its requirements they are entitled to brief their objections in their opposition to the Order to Show Cause why the TRO should not be converted to a preliminary injunction, due at 5:00pm PT on Friday, November 13, 2026.

**IT IS SO ORDERED.**

Dated: November 12, 2026

William H. Orrick
United States District Judge

[1] While many of these cases involve different procedural postures (e.g., after an immigration judge released the petitioner on bond), they nonetheless are helpful in determining what constitutes “custody” in the habeas context.